

Filed Directly to WF



**EXHIBIT**

11

WILLIAM HAYWOOD GORDON
1659 HIGHWAY 20 W, STE 370
MCDONOUGH, GEORGIA 30253

WELLS FARGO BANK N.A. INCORPORATED
ATTN:  OFFICE OF THE PRESIDENT
101 North Phillips Avenue,
Sioux Falls, South Dakota 57104,

*Separate through CFPB*

RE:  Demand for Damages and Compensation

To Office of Compliance,

I am writing to formally demand compensation for the damages I have suffered due to
the unlawful actions of Wells Fargo Bank, N.A., related to the unauthorized creation of
a retail installment sales agreement (RISC 2) and the subsequent wrongful repossession
of my 2019 Chevrolet Tahoe (VIN: 1GNSCBKC3KR303265).

**Background**

On June 1, 2022, I entered into a consumer credit sale with Five Star Chevrolet Cadillac
in Warner Robins, Georgia, for the purchase of a 2019 Chevrolet Tahoe. This transaction
was documented in the retail installment sales agreement (RISC 1). However, without
my knowledge or consent, a second retail installment sales agreement (RISC 2) was
obtained and possessed by Wells Fargo Bank to open a loan account ending in 1873, and
subsequently used (see October 26, 2022 correspondence) to seize Tahoe, which is a
private consumer household good.

Despite my repeated attempts to rectify this issue, including sending multiple
correspondences and a validation of debt letter, Wells Fargo continued its collection
activities. On December 22, 2022, Wells Fargo wrongfully seized my Tahoe. Wells
Fargo's records will show that it maintained control of the Tahoe without a valid title or
a valid security interest (it dropped security interest Dec. 27, 2022). Despite my request
for the return of the vehicle, Wells Fargo continued to interfere with my possessory
rights. Wells Fargo regularly engages in consumer transactions, obtaining retail
installment agreements from dealerships, and therefore knows or should know it could
not be a creditor under Regulation Z, yet materially misrepresented this fact over and
over.

Wells Fargo, has engaged in a prolonged pattern of unfair and deceptive
misrepresentations that it provided me a loan and was the creditor, thus falsely making
the FDCPA and Georgia Fair Business Practices Act appear to be regulated activities
outside of its governing scope, constituting willful violations of these two acts.
Additionally, Wells Fargo failed to comply with my request for full statement of

accounting as required by Uniform Commercial Code of Georgia. The record also reflects that Wells Fargo disposed of my Tahoe and failed to provide proper notice of disposition and calculations of overpayments. Additionally, Wells Fargo has failed to maintain proper procedures and protocols as required under the Fair Credit Reporting Act which has led to confusion and increased credit costs to the consumer.

**Damages**

As a direct result of Wells Fargo's actions, I have suffered significant financial and emotional damages, including but not limited to:

1. **Property Loss**: The wrongful repossession of my 2019 Chevrolet Tahoe, valued at $54,902.
2. **Increased Costs of Credit**: Due to the loss of my Tahoe, I had to purchase a replacement vehicle at a significantly higher interest rate (27% compared to 7% for the Tahoe), resulting in additional costs of $27,900.
3. **Rental Costs**: I incurred expenses for renting vehicles to compensate for the loss of size and space of the Tahoe, adversely affecting my business opportunities and family experiences.
4. **Emotional Distress**: The humiliation, pain, and suffering caused by Wells Fargo's intentional misrepresentations and wrongful actions.
5. **Statutory Violations**: UCC violations (failure to provide Statement of Account, failure to provide notice after disposition of Tahoe)
6. **Statutory Violations**: FCRA failure to maintain procedures to ensure accurate reporting causing harm and increased costs of credit.
7. **Statutory Violations**: Georgia Fair Business Practices Act.
8. **Statutory Violations**: Georgia Identity Fraud of a consumer
9. **Tort Violations**: Abuse of Process (failure to comply with Repossession laws in Georgia) and Abusive Litigation (due to material misrepresentations made in Federal Court).

**Demand for Compensation**

In light of the above, I demand the following in united states dollars (usd)

1. Equitable Compensation of $54,902 of the Tahoe.
2. Reimbursement of $27,900 for the increased costs of purchasing a replacement vehicle.
3. Compensation for rental costs incurred due to the loss of my Tahoe is $6,290.
4. General damages for pain and suffering in the amount of $45,908.
5. Compensation for invasion of privacy, pain and suffering, humiliation, increased credit cost, defamation of character $65,000.00

## Conclusion

I hope to resolve this matter amicably and without further legal action (and its subsequent costs). However, if I do not receive a satisfactory response within 14 days from the date of this letter, I will have no choice but to pursue all available legal remedies to recover the damages I have suffered. **This is also my pre-litigation notice as required by law for abuse of process and abusive litigation.**

Please direct all correspondence regarding this matter to my address listed above or contact me via email at williamhaywoodgordon@gmail.com

Thank you for your prompt attention to this matter.

Sincerely,

*William Haywood Gordon*

William Haywood Gordon – Registered Owner