## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **WILLIAM HAYWOOD GORDON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **No. 5:24-CV-388 (CAR)** |
| **v.** | : | |
| | : | |
| **WELLS FARGO BANK N.A. INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

### ORDER ON NON-DISPOSITIVE MOTIONS

Plaintiff William Haywood Gordon, proceeding *pro se*, brings this action against Defendant Wells Fargo Bank N.A. Inc., alleging various violations of state and federal law relating to the repossession of Plaintiff's 2019 Chevrolet Tahoe and related financial transactions. Defendant has filed a Motion to Dismiss Plaintiff's Complaint. Plaintiff has filed the following Motions: Motion for More Definite Statement; "Combined Motion to Compel Specificity, Extend Time to Respond to Motion to Dismiss, Set Aside Prior Judgment, Judicial Notice"; Motion for Leave to Issue Rule 45 Subpoenas; Motion to Stay; Motion for Leave to File an Amended Complaint; and Motion to Strike.

As explained below, all of Plaintiff's Motions are denied except his request for additional time to respond to Defendant's Motion to Dismiss. Moreover, the Court WARNS Plaintiff that the violation of his Rule 11 obligations will result in sanctions.

Plaintiff is further DIRECTED (1) not to file any more motions or other filings until the Court issues its ruling on Defendant's pending Motion to Dismiss or directs the parties otherwise, and (2) to voluntarily withdraw his meritless claims, as further explained below.

Plaintiff's Motion for More Definite Statement

Plaintiff moved for a more definite statement in relation to Defendant's Motion to Dismiss. Under Federal Rule of Civil Procedure 12(e), "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Because a Motion to Dismiss is not a "pleading," Plaintiff cannot move for a definite statement of it. Plaintiff "acknowledges that he erroneously filed" this Motion.[1] Thus, Plaintiff's Motion for More Definite Statement [Doc. 7] is **DENIED**.

Plaintiff's Motion for Leave to Issue Rule 45 Subpoenas and Rule 56(D) Motion to Stay Proceedings Pending Third-Party Subpoena

Plaintiff moves for leave to issue subpoenas under Rule 45 to the Georgia Department of Revenue and Five Star Chevrolet, and for a stay of the proceedings pending issuance of and response to the subpoenas. But discovery in this case has not yet begun. Thus, these Motions are premature. If this case proceeds past Defendant's

---

[1] Plaintiff's Combined Motion [Doc. 9 at 2].

currently pending Motion to Dismiss, the Court will issue a Rules 16 and 26 Order to the parties that will govern the course of discovery. Thus, these Motions [Docs. 14, 15] are **DENIED as premature**.

<u>Motion to Strike Defendant Wells Fargo's Filings and Bar Further Defense</u>

Plaintiff moves to strike Defendant's filings and bar it from filing any further pleadings or responses in this case arguing Defendant "lacks Article III standing."[2] But Plaintiff misunderstands and misapplies the doctrine of standing. "Article III of the Constitution limits the jurisdiction of federal courts to 'cases' and 'controversies,' and '[s]tanding to sue is a doctrine rooted in the traditional understanding of a case or controversy."[3] "To have standing, plaintiffs must therefore establish that they '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'"[4] "At least one plaintiff must have standing to seek each form of relief requested in the complaint."[5] "The party invoking federal jurisdiction bears the burden of proving standing."[6] A defendant responding to a lawsuit, like Wells Fargo, has no such burden. Because Plaintiff has invoked federal jurisdiction by filing this lawsuit, he bears the

---

[2] Plaintiff's Motion to Strike [Doc. 18 at 1].
[3] *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1124 (11th Cir. 2019) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)).
[4] *Id.* (quoting *Spokeo, Inc.*, 136 S. Ct. at 1547).
[5] *Id.* (citing *Town of Chester v. Laroe Ests.*, 137 S. Ct. 1645, 1651 (2017)).
[6] *Bischoff v. Osceola Cnty., Fla.*, 222 F.3d 874, 878 (11th Cir. 2000) (citation omitted).

burden of proving standing. Defendant Wells Fargo does not have to prove it has standing to defend itself in Plaintiff's lawsuit. Plaintiff's arguments Defendant "lacks standing" to defend this suit are meritless, and he should refrain from making this argument again. Thus, Plaintiff's Motion to Strike [Doc. 18] is **DENIED.**

Plaintiff's Combined Motions to Compel Specificity, Extend Time to Respond, Set Aside Prior Judgment, and to Take Judicial Notice

Plaintiff files a "combined" Motion to (1) extend time to respond to Defendant's Motion to Dismiss; (2) compel Defendant to specify which retail installment sales contract ("RISC") it enforced; (3) set aside the judgment in Plaintiff's previous lawsuit, *Gordon v. Wells Fargo N.A., Inc.*, Case No. 5:22-cv-458-MTT; and (4) have the Court take judicial notice of some of his filings. This Motion [Doc. 9] is **GRANTED in part and DENIED in part.** Specifically, Plaintiff's Motion to Extend Time to Respond to Defendant's Motion to Dismiss is GRANTED. Plaintiff is **DIRECTED** to file his Response as a separate entry on the docket within 14 days from the date of this Order. Plaintiff's Motions to Compel Specificity, Set Aside Judgment, and Take Judicial Notice are DENIED.

  i.    *Motion to Compel Specificity*

Plaintiff's argument that Defendant is required to specify which RISC it enforced is meritless. If this case proceeds past Defendant's currently pending Motion to Dismiss, Plaintiff may engage in discovery. Thus, Plaintiff's Motion to Compel Specificity is **DENIED.**

####    ii.     *Motion to Set Aside Judgment*

Plaintiff moves to set aside the judgment in his original federal case, *Gordon v. Wells Fargo N.A., Inc.*, Case No. 5:22-cv-458-MTT, pursuant to Federal Rule of Civil Procedure 60(b)(4) – (6) and 60(d). "A motion [under Rule 60(b)] for relief from final judgment must be filed in the district court and in the action in which the original judgment was entered."[7] Because Plaintiff improperly seeks to set aside the judgment from his previous lawsuit,[8] the Court **DISMISSES** the Motion.

####    iii.    *Motion to Take Judicial Notice*

Plaintiff moves for the Court to take judicial notice of four exhibits pursuant to Federal Rule of Evidence 201(b). Pursuant to Federal Rule of Evidence 201, a district court may take judicial notice of a fact that is "not subject to reasonable dispute" because it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," including public records.[9] The documents Plaintiff submitted are his private correspondence, personal contracts, and Georgia Department of Motor Vehicles records. The first three exhibits are not public records; as such, they are not proper subjects for

---

[7] *Cascella v. Canaveral Port Dist.*, 197 F. App'x 839, 842 (11th Cir. 2006) (quoting *Bankers Mortg. Co. v. United States*, 432 F.2d 73, 78 (5th Cir. 1970)).

[8] It appears that Plaintiff has now filed another Rule 60 Motion in the previous action.

[9] *Chinn v. PNC Bank, N.A.*, 451 F. App'x 859, 860 n.1 (11th Cir. 2012).

judicial notice.[10] As for the Georgia Department of Motor Vehicles records, the Court has "wide discretion" to take judicial notice of facts, including public records.[11] The Court declines to take judicial notice of these documents because it is unnecessary at this time. Thus, Plaintiff's Motion for Judicial Notice is **DENIED.**

Rule 11 Sanctions

Although Plaintiff is well aware of his Rule 11 obligations—Judge Treadwell reminded Plaintiff about them in his Order dismissing Plaintiff's claims against Wells Fargo in Plaintiff's previous lawsuit[12]—the Court will again remind Plaintiff of the affirmative duties Federal Rule of Civil Procedure 11 places on attorneys and *pro se* litigants. Specifically, Rule 11(b) states:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]

---

[10] *See, e.g., Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1084 (7th Cir. 1997) (finding lower court's reliance on a private agreement inappropriate) (citing *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 517 (11th Cir. 1991)).

[11] *Dippin' Dots, Inc. v. Frosty Bites Dist., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004).

[12] *Gordon v. Wells Fargo N.A., Inc.*, No. 5:22-cv-458-MTT, 2023 WL 5487665, at *9 (M.D. Ga. Aug. 24, 2023).

>  (3)  the allegations and other factual contentions have evidentiary support
>        or, if specifically so identified, are likely to have evidentiary support
>        after a reasonable opportunity for further investigation or discovery[.]

Plaintiff's current lawsuit relies on substantially the same allegations as before, repackaged into nine different legal claims. Plaintiff further seeks to amend his Complaint and assert a total of 12 claims against Wells Fargo, Wells Fargo's attorney, and the attorney's law firm. Plaintiff has also filed six motions, one of which was a "Combined Motion," and four of which were filed in the span of one week. The Court will not tolerate this pattern of frivolous, meritless motions that waste the Court's and the parties' time and resources.

Moreover, it appears Plaintiff may be using artificial intelligence (AI) in researching and drafting his motions because he cites multiple cases that appear to be fake. While there is no general prohibition on using AI during the course of litigation, Plaintiff has a duty to ensure he is not citing to fake opinions in his filings. "Many harms flow from the submission of fake opinions."[13] "Fake citations waste both the Court's and the opposing party's time and resources[.]"[14] "The imposition of sanctions against parties

---

[13] *Thomas v. Pangburn*, No. CV423-046, 2023 WL 9425765, at *5 (S.D. Ga. Oct. 6, 2023) (quoting *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023)).
[14] *Id.*

who submit fake citations is also not uncommon."[15] Plaintiff must verify that any case he cites is in fact real, and not AI-generated.

The Court warns Plaintiff that he may incur a substantial penalty if he fails to comply with Rule 11 and submits filings without first conducting "an inquiry reasonable under the circumstances" to ensure they have merit. Plaintiff must not bring frivolous or meritless claims or arguments. Failure to abide by Rule 11 may result in this Court ordering Plaintiff to pay Defendant Wells Fargo's attorney's fees, ordering Plaintiff to pay a penalty to the Court, or dismissing this lawsuit.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for More Definite Statement [Doc. 7] is **DENIED**; his Combined Motion to Compel Specificity, Extend Time to Respond to Motion to Dismiss, Set Aside Prior Judgment, Judicial Notice [Doc. 9] is **GRANTED in part and DENIED in part**; his Motion for Leave to Issue Rule 45 Subpoenas [Doc. 14] is **DENIED**; his Motion to Stay [Doc. 15] is **DENIED**; and his Motion to Strike [Doc. 18] is **DENIED.** Defendant's Motion to Dismiss and Plaintiff's Motion to Amend remain pending.

Plaintiff is **DIRECTED** to file his Response to Defendant's Motion to Dismiss as a separate entry on the docket within 14 days from the date of this Order, but he may not

---

[15] *O'Brien v. Flick*, No. 24-61529-CIV-DAMIAN, 2025 WL 242924, at *6 (S.D. Fla. Jan. 10, 2025) (collecting cases).

file any more motions or other filings until the Court issues its ruling on the pending motions or directs the parties otherwise.

Defendant may respond to Plaintiff's Motion to Amend, and Plaintiff may file a reply to Defendant's response. But the Court cautions Plaintiff to read this Order carefully and refrain from making any meritless or frivolous arguments. Plaintiff is further **ORDERED** to voluntarily withdraw his meritless claims.

**SO ORDERED,** this 8th day of April, 2025.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT